IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMANON SHANNON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11-cv-1015 |
| | ) | |
| JEFFREY N. DILLMAN and | ) | Judge Christopher C. Conner |
| ATTORNEY GENERAL OF THE | ) | Magistrate Judge Susan E. Schwab |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents | ) | |

## **(PROPOSED) ORDER**

AND NOW, to-wit, this ___ day of _____, 2021, upon consideration of the Parties' Joint Motion for Conditional Grant of the Writ of Habeas Corpus, it is ORDERED, ADJUDGED, and DECREED that said motion be and hereby is GRANTED.

This Court conditionally finds that Mr. Shannon "is in custody in violation of the Constitution or laws or treaties of the United States," and that such decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States…" 28 U.S.C. § 2254(a), (d).  *See Harrington v. Richter,* 562 U.S. 86, 100 (2011).  Specifically, contrary to *Bruton v. United States*, 391 U.S. 123 (1968), Mr. Shannon's constitutional rights were violated during his trial where Mr. Shannon's non-testifying co-defendant's statement was read to the jury and Mr. Shannon's name was replaced with the descriptor, "the other person."  *See also Richardson v. Marsh,* 481 U.S. 200 (1987); *Gray v. Maryland,* 523 U.S. 185 (1998).  Mr. Shannon was prejudiced by the error as reflected by the fact

1

that Mr. Shannon was convicted and his co-defendant was acquitted. The *Bruton* violation has been the subject of recent Third Circuit authority for which this Court did not have the benefit of when it denied Mr. Shannon's habeas corpus petition. *See, e.g., Washington v. Sec'y Pa. Dep't of Corr.,* 801 F.3d 160, 167 (3d Cir. 2015); *Colon v. Rozum*, 649 Fed. App'x 259 (3d Cir. 2016); *Johnson v. Superintendent Fayette State Corr. Instit.,* 949 F.3d 791 (3d Cir. 2020). This claim was properly exhausted in the state courts. 28 U.S.C. § 2254(b)(1)(A); see Shannon's September 26, 2009 Superior Court Brief, Issue I & p.7-9.

Accordingly, Mr. Shannon's conviction be and hereby is VACATED and this matter is REMANDED to the Court of Common Pleas of Dauphin County for further proceedings consistent with the Parties' Confidential Settlement Agreement.

This Court retains jurisdiction over this matter until February 28, 2022, to avoid any statute of limitations issues and for the state proceedings to occur. If the state court does not impose the conviction and/or sentence contemplated by the Parties' Confidential Settlement Agreement on or before February 28, 2022, this Court's conditional grant of habeas corpus shall become null and void and void and the parties will be returned to their present positions in this Court.

IT IS SO ORDERED.

_____